# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 19-0219-WS |
| | ) |
| WYMUS CLAUSELL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion in Limine (doc. 40). The Motion has been briefed and is now ripe.

**I.  Background.**

Defendant, Wymus Clausell, is charged with one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). The charge arises from a traffic stop conducted by law enforcement on May 9, 2019. At the time of the stop, Clausell was a passenger in a vehicle driven by his wife, M.C. Officers arrested Clausell and took him into custody for an outstanding warrant. A subsequent inventory search of the vehicle resulted in the discovery and seizure of a firearm under the driver's seat. That firearm forms the basis of the Indictment against Clausell.

After Clausell was arrested and the firearm was seized, officers asked several questions of M.C. The encounter was video recorded via an officer's body camera, and a DVD copy of that video is part of the court file. The body-cam footage reflects that, among other things, officers asked M.C. if she knew there was a firearm in the vehicle, whether the firearm was hers, and whether she saw Clausell place the firearm behind the seat. Her responses to these and other questions are captured on the video recording of the traffic stop.

In addition to the oral statements recorded on video, M.C. gave two written statements to law enforcement. In the first statement, dated May 9, 2019, M.C. said, among other things, that Clausell had pulled a gun before they got in the car, and that the handgun found in the car was his. (Doc. 57-1, PageID.119.)

It is unclear whether M.C. will testify at trial and, if so, what the scope of her testimony may be, given the possible spousal privilege issues. The Government has indicated that, in the event M.C. is not available to testify at trial, it nonetheless intends to introduce evidence of her out-of-court oral and written statements tending to show that Clausell possessed the subject firearm. Defendant now moves *in limine* to exclude M.C.'s statements pursuant to the Confrontation Clause.

## II. Analysis.

"As the Supreme Court explained in *Crawford v. Washington*, the Confrontation Clause of the Sixth Amendment prohibits the admission of out of court statements that are testimonial unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant." *United States v. Jiminez*, 564 F.3d 1280, 1286 (11th Cir. 2009) (footnote omitted); *see also United States v. Cruickshank*, 837 F.3d 1182, 1191 (11th Cir. 2016) ("The Sixth Amendment's Confrontation Clause prevents the admission of a witness's testimonial statement when the witness does not appear at trial, unless he is unavailable to testify and the defendant had a prior opportunity to cross-examine him."). The critical question implicated by Clausell's Motion in Limine is whether the rule in *Crawford* bars introduction of M.C.'s written and video statements.

The first issue is whether the statements in question are "testimonial" in nature. *See United States v. Charles*, 722 F.3d 1319, 1328 n.10 (11th Cir. 2013) ("a proper Confrontation Clause analysis … first requires a determination of whether the declarant's statement is testimonial"). If they are not, then *Crawford* is inapplicable. *See United States v. Hughes*, 840 F.3d 1368, 1383 (11th Cir. 2016) ("The admission of an absent witness's *nontestimonial* statements … does not run afoul of the Confrontation Clause."). At a minimum, statements made in the course of a police interrogation qualify as "testimonial when the circumstances objectively indicate that there is no … ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266 (2006).[1] "To determine whether the primary purpose of an interrogation is to enable police assistance to meet an ongoing

---

[1] *See generally Jiminez*, 564 F.3d at 1286 n.3 ("Statements taken by police officers in the course of interrogations are testimonial, including witness statements given to investigating police officers.") (citation and internal quotation marks omitted).

emergency, … which would render the resulting statements nontestimonial, we objectively evaluate the circumstances in which the encounter occurs and the statements and actions of the parties." *Michigan v. Bryant*, 562 U.S. 344, 359, 131 S.Ct. 1143 (2011). The facts presented in this case unambiguously establish that there was no "ongoing emergency" when the officers interrogated M.C.; indeed, at the time of her questioning, Clausell was handcuffed and in custody, the firearm had been seized, and there was no perceptible safety risk to the officers, the witness, the defendant, or the public from the subject firearm. Because M.C.'s statements were given during a police interrogation whose primary purpose was to establish or prove past events relevant to a later criminal prosecution, those statements are "testimonial" for *Crawford* purposes. The Government does not contend otherwise.

Because M.C.'s out-of-court statements are testimonial, the Confrontation Clause forbids the Government from introducing those statements if she does not testify at trial, unless she is unavailable to testify and the defendant had a prior opportunity to cross-examine her. *See Crawford v. Washington*, 541 U.S. 36, 61, 124 S.Ct. 1354 (2004) ("Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine."). Clausell does not challenge the unavailability requirement, which presumably may be satisfied if a spousal privilege bar prevents M.C. from testifying at trial. Instead, Clausell argues that the *Crawford* test cannot be satisfied here because he has had no opportunity to cross-examine M.C. about those statements. Defendant is correct. If M.C. does not testify, then he will have no opportunity to cross-examine her prior to introduction of those testimonial statements, and such statements are therefore inadmissible pursuant to a straightforward Confrontation Clause analysis.[2]

In opposing Clausell's Motion, the Government does not quarrel with the propositions that (i) the statements were testimonial; (ii) if a privilege is successfully asserted, M.C. is unavailable to testify at trial; or (iii) if M.C. does not testify, then Clausell will have no prior

---

[2] Insofar as Clausell also suggests that even if M.C. does testify at trial, her out-of-court statements are inadmissible under the Confrontation Clause because of the lack of a prior opportunity to cross-examine her, that contention is contrary to settled law. *See Crawford*, 541 U.S. at 59 n.9 ("Finally, we reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. … The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.").

opportunity to cross-examine her about her statements. Instead, the Government's sole asserted ground for opposing the Motion is that M.C.'s statements fall within certain exceptions to the hearsay rule. (Doc. 49, PageID.94-97.) This contention is predicated on appellate *dicta* that "the Confrontation Clause prohibits *only* statements that constitute impermissible hearsay." *Jiminez*, 564 F.3d at 1286. However, the Eleventh Circuit later took pains to clarify the point as follows: "To the extent that this statement has been misread as laying out a rule that the Confrontation Clause is satisfied by conducting an analysis of the challenged testimony under the Federal Rules of Evidence governing hearsay, such a reading would be directly contrary to *Crawford*'s clear teaching that when testimonial evidence is at issue, what matters is the unavailability of and a prior opportunity to cross-examine the declarant." *Charles*, 722 F.3d at 1328 n.10. In other words, if M.C. is unavailable and Clausell has no prior opportunity to cross-examine her, then her testimonial out-of-court statements are inadmissible under the Confrontation Clause, regardless of whether they would otherwise be admissible under the Rules of Evidence governing hearsay.

### III. Conclusion.

For all of the foregoing reasons, it is **ordered** that defendant's Motion in Limine (doc. 40) is **granted**, as follows:

1. If M.C. does not testify at trial, then the Government is barred from introducing into evidence the video recording of her oral statements on May 9, 2019, or the written statements she gave to law enforcement on May 9, 2019 and May 13, 2019; and
2. To the extent that the Government would seek to admit any portion of the traffic stop video recording at trial, it must redact the portions of the video in which the officers discuss other matters involving the defendant pursuant to Federal Rules of Evidence 402 and 403.[3]

DONE and ORDERED this 5th day of March, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] The Government has not opposed this aspect of the Motion. The subject video recording includes multiple passages in which law enforcement officers make statements about other alleged criminal activities of Clausell. Those statements are both irrelevant to this action and unfairly prejudicial to defendant. They cannot be published to the jury.